**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Andre R. Levesque


     v.                                   Civil No. 10-cv-101-JL


Merrimack County Department
of Corrections


Andre R. Levesque


     v.                                   Civil No. 10-cv-102-SM


New Hampshire Department
of Safety, Division of State
Police, Troop D, et al.


Andre R. Levesque


     v.                                   Civil No. 10-cv-107-PB


Merrimack County Attorney's
Office, et al.


Andre R. Levesque


     v.                                   Civil No. 10-cv-114-JD


Zakre Law Office

Andre R. Levesque

      v.                                    Civil No. 10-cv-123-SM

Merrimack County Probate Court


### O R D E R

Before the Court are the above-captioned cases, all pending preliminary review pursuant to 28 U.S.C. § 1915A (mandating preliminary screening of prisoner complaints).  In each of these cases, Levesque has been asked to show cause why his in forma pauperis status, previously granted, should not be revoked based on his ability to pay his filing fees in each matter.[1]  Levesque has now responded to each show cause order requesting that his cases be consolidated.[2]  Additionally, Levesque has, in each case, requested that his unpaid balance of the filing fee be

---

[1]The orders to show cause have been docketed as follows: 10-cv-101-JL (document no. 10); 10-cv-102-SM (document no. 12); 10-cv-107-PB (document no. 11); 10-cv-114-JD (document no. 8); and 10-cv-123-SM (document no. 10).

[2]Levesque's responses, which include his requests for consolidation, have been docketed as follows:  10-cv-101-JL (document no. 11), 10-cv-102-SM (document no. 13), 10-cv-107-PB (document no. 12), 10-cv-114-JD (document no. 9), and 10-cv-123-SM (document no. 11).

waived.[3]  Levesque's requests to consolidate these matters is
granted.  Further, the above-captioned cases are to be
consolidated into Levesque's older case pending before the Court,
Levesque v. Rutland County Sheriff's Department, et al., Civ. No.
09-cv-437-JL.  Levesque's requests to waive his filing fees in
10-cv-101-JL, 10-cv-102-SM, and 10-cv-107-PB are granted.  The
requests to waive the filing fees in 10-cv-114-JD and 10-cv-0123-
SM, have previously been denied.  Finally, for the reasons
explained below, the claims contained in each of the above-
captioned complaints are dismissed, pursuant to 28 U.S.C. § 1915A
and 28 U.S.C. § 1915(a)(2).

## Discussion

### I.   Duplicative Claims in Case Numbers 10-cv-101-JL, 10-cv-102-SM, 10-cv-114-JD, and 10-cv-123-SM

In the case initially docketed as 10-cv-101-JL, Levesque
complains that on February 12, 2010, while he was an inmate at
the Merrimack County Department of Corrections, his housing unit
was searched.  During the search, Levesque's prescription

---

[3]The motions to waive the unpaid balances of the filing fees
that are still open have been docketed as follows:  10-cv-101-JL
(document no. 9); 10-cv-102-SM (document no. 11); and 10-cv-107-
PB (document no. 10).

footwear was seized and taken from the cell by corrections officers.  The footwear was not returned to Levesque.  As a result, Levesque was forced to wear flip-flops, injuring him because he has a disabling skin condition that affects the skin on his feet.  Levesque further complains that during his stay at the Merrimack County Department of Corrections, he was denied soap several times, his prescriptions were improperly manipulated, and he was forced to spend too much time in segregation.  Levesque also claims that an unnamed medical worker at the jail testified falsely against him in probate court proceedings.

In the case initially docketed as 10-cv-102-SM, Levesque complains that on March 11, 2010, New Hampshire State Trooper Ian Berkley testified falsely at Levesque's guardianship proceedings in the Merrimack County Probate Court.  Further, Levesque claims that Berkley's false testimony has caused him unspecified harm from people who are engaged in a "witch hunt" against Levesque.

In the case initially docketed as 10-cv-114-JD, Levesque asserts that in early 2010, proceedings were commenced in the Merrimack County Probate Court to establish guardianship over Levesque, over his objection.  Levesque was appointed an

attorney, Sheila Zakre of the Zakre Law Office, to represent him in that matter.  Levesque complains that Zakre failed to abide by his request to call particular witnesses and that she conspired with Assistant Merrimack County Attorney George Stewart to thwart Levesque's efforts to defeat the appointment of a guardian by, among other things, refusing to let Levesque address the court as he desired.

All of the claims raised in these four complaints have already been raised in Levesque's pending action, <u>Levesque v. Rutland County Sheriff's Department, et al.</u>, Civ. No. 09-cv-437-JL (see May 12, 2010 Report and Recommendation (document no. 21), claims numbered 12, 13, 15, 42, 52, 54, and 135-138).  As this matter is being consolidated into that case, the claims are entirely duplicative.  The already pending case provides Levesque with a full opportunity to exercise his rights with regard to the claims repeated here.  Accordingly, the claims pleaded in the new complaints are dismissed.


**II.  <u>Levesque v. Merrimack County Attorney's Office, et al.,
    Civ. No. 10-cv-107-PB</u>**

The allegations and claims contained in the complaint in the case initially docketed as 10-cv-107-PB are nonspecific and

5

conclusory.  The complaint generally complains of abuses of
bureaucratic power by defendants and the encouragement,
participation in, and perpetuation of various evils, including
malicious prosecution, dishonesty, and cruelty.  Further, the
assertions in this complaint, to the extent they are discernible,
were previously raised in one or more of the cases that are
presently consolidated in 09-cv-437-JL.  Nothing in this
complaint states any specific claim against any defendant upon
which relief might be granted, and therefore any intended claim
in this complaint is dismissed.


**III. <u>Levesque v. Merrimack County Probate Court, Civ. No. 10-
cv-123-SM</u>**

Levesque claims that Judge Richard Hampe of the Merrimack
County Probate Court denied him due process in his guardianship
proceedings when he committed Levesque to the Secure Psychiatric
Unit located at the New Hampshire State Prison.  Levesque claims
that he has been harmed by the lack of due process provided
because he was committed to a facility that is not meeting his

medical needs.[4]  Levesque seeks money damages from Judge Hampe in the amount of five trillion dollars.

Judges have absolute immunity from a suit for monetary damages for harm allegedly incurred as a result of their judicial acts.  See Stump v. Sparkman, 435 U.S. 349, 359 (1978).  "This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding or how malicious the motive."  Beck v. Plymouth County Super. Ct., 511 F. Supp. 2d 203, 206 (D. Mass. 2007) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).  Judge Hampe's actions taken during Levesque's guardianship proceedings, and his orders arising therefrom, are immune from a damages action, such as this.  The claims against Judge Hampe and the Merrimack County Probate Court are therefore dismissed.

---

[4]Levesque has previously raised inadequate medical care claims against the staff of the Secure Psychiatric Unit.  The claim is therefore construed to raise only a due process claim against Judge Hampe and the Merrimack County Probate Court.

**Conclusion**

Levesque's requests to consolidate are GRANTED.  Levesque's motion to waive filing fees are GRANTED as to case numbers 10-cv-101-JL, 10-cv-102-SM, and 10-cv-107-PB, and have already been denied as to case numbers 10-cv-114-JD and 10-cv-123-SM.  All of the above-captioned cases are consolidated into <u>Levesque v. Rutland County Sheriff's Department, et al</u>, 09-cv-437-JL.

For the reasons explained in this Order, all of the claims contained in the above-captioned cases are dismissed.


**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date:     October 5, 2010

cc:       Andre R. Levesque, pro se
          Corey M. Belobrow, Esq.
          Martin P. Honigberg, Esq.
          Michael A. Pignatelli, Esq.
          Rose Marie Joly, Esq.
          Nancy J. Smith, Esq.

8